UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DAVID M. TORO,
     Appellant,

     v.

DEPARTMENT OF JUSTICE,
     Agency.

DOCKET NUMBER
DC-0731-18-0824-I-1

DATE: March 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David M. Toro</u>, Vienna, Virginia, pro se.

<u>Angela Kreitzer</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant applied for the position of Security Specialist with the agency's Federal Bureau of Investigation (FBI). Initial Appeal File (IAF), Tab 4 at 11. After reviewing the appellant's background information based on the criteria of 5 C.F.R. § 731.202, the FBI's Security Division determined that the appellant was not suitable for FBI employment and recommended that consideration of his application be discontinued. *Id*. at 11-14. The agency then sent the appellant a letter, informing him that it had determined that he did not meet the suitability standards for FBI employment. IAF, Tab 1 at 7.

The appellant filed a Board appeal and requested a hearing. *Id*. at 1-3, 5. The agency moved to dismiss the appeal for lack of jurisdiction because the position at issue was in the excepted service, the appellant was not an "employee" for purposes of 5 U.S.C. chapter 75, and, in any event, his nonselection did not constitute a suitability action even though it was based on suitability criteria. IAF, Tab 4 at 5-8. The administrative judge issued a jurisdictional order, notifying the appellant of the standard for establishing jurisdiction over a suitability appeal and directing him to file evidence and argument on the issue. IAF, Tab 6. After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF,

Tab 9, Initial Decision (ID). He found that the appellant failed to show that the agency subjected him to a suitability action, or to any other action appealable to the Board. ID at 3-5.

The appellant has filed a petition for review, disputing the agency's assessment of his suitability, and arguing that he went all the way through the selection process and received a contingent offer of employment before the agency made its suitability determination. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

**ANALYSIS**

Under 5 C.F.R. § 731.501(a), when an agency takes a suitability action against a person, that person may appeal the action to the Board. However, suitability actions consist only of the actions listed under 5 C.F.R. § 731.203(a), i.e., cancellation of eligibility, removal, cancellation of reinstatement eligibility, and debarment. *See* 5 C.F.R. § 731.101 (defining "suitability action"). A denial of appointment or non-selection for a position is not a suitability action. *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 12 (2012); 5 C.F.R. § 731.203(b).

In this case, we agree with the administrative judge that the appellant has not made a nonfrivolous allegation that the agency took any of the four types of suitability actions against him listed in 5 C.F.R. § 731.203(a). ID at 4-5. Rather, the agency simply declined to select him for the Security Specialist position for which he applied. IAF, Tab 1 at 7, Tab 4 at 11-14. This does not constitute a suitability action even though the nonselection was based on suitability criteria and the appellant had already received a contingent offer of employment. 5 C.F.R. § 731.203(b); *see Testart v. Department of the Navy*, 42 M.S.P.R. 21, 23 (1989) (finding that the Board lacks jurisdiction over the withdrawal of an offer of appointment prior to entrance on duty).

Furthermore, even if the appellant's nonselection could be characterized as a suitability action, the Board would still lack jurisdiction over this appeal under

5 C.F.R. § 731.501 because the subject position was in the excepted service. *See Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶ 14 (2009); *see also* 28 U.S.C. § 536 ("All positions in the Federal Bureau of Investigation are excepted from the competitive service, and the incumbents of such positions occupy positions in the excepted service."). Finally, there is no indication that the Board might have jurisdiction over this appeal under 5 U.S.C. chapter 75. *Cf. Cruz-Packer v. Department of Homeland Security*, 102 M.S.P.R. 64, ¶¶ 7-11 (2006).

To the extent that the appellant is challenging the merits of the agency's suitability determination, this matter has no bearing on the jurisdictional issue. PFR File, Tab 1 at 4-5; *see Farris v. U.S. Postal Service*, 101 M.S.P.R. 316, ¶ 7 (2006). To the extent that the appellant is dissatisfied with the details that the agency provided him regarding the reasons for its suitability determination, PFR File, Tab 1 at 4-5, it may be possible for him to obtain additional information by filing a Freedom of Information Act or Privacy Act request pursuant to the instructions in the agency's August 18, 2018 letter, IAF, Tab 1 at 7.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board
Washington, D.C.